WAGNER *v.* YPSILANTI CITY CLERK.

1. Municipal Corporations—Statutes—Referendum—Majority.

   The adoption by a home-rule city of an act of the legislature which contained a provision that it should apply to such cities after submitting the act for adoption by the electors in the manner provided by law for amending charters only required a majority vote of such electors for passage (1 Comp. Laws 1929, §§ 2228–2274, Act No. 345, Pub. Acts 1937, as amended by Act No. 210, Pub. Acts 1939).

2. Same—Referendum—Electors.

   Where there was a majority vote cast of both electors and property owners of a home-rule city in favor of the adoption of an act effective only when adopted in the manner provided by law for amending charters, no discussion is made as to whether only property owners were qualified to vote (1 Comp. Laws 1929, §§ 2228–2274, Act No. 345, Pub. Acts 1937, as amended by Act No. 210, Pub. Acts 1939).

3. Same—Elections—Pretermitted Words in Resolution—Curing Error.

   Failure of home-rule city's common council in submitting a legislative act relative to pensions and retirements for members of police and fire departments to electorate upon referendum by resolution to insert words to complete question that it was being submitted for adoption *held*, cured by inclusion of pretermitted words in published notice of election and in the ballots as printed (Act No. 345, Pub. Acts 1937, as amended by Act No. 210, Pub. Acts 1939).

4. Same—Referendum—Sufficiency of Initiatory Petitions.

   Initiatory petition by which proceedings to adopt a legislative act on referendum were commenced would not, because of inadequacy or insufficiency, invalidate proposal submitted to and approved by a majority of the electors of a home-rule city (1 Comp. Laws 1929, § 2261, as last amended by Act No. 279, Pub. Acts 1939).

5. Costs—Referendum—Public Question.

   No costs are allowed in mandamus proceeding to determine validity of referendum vote on adoption of statute by electorate of home-rule city, a public question being involved (Act No. 345, Pub. Acts 1937, as amended by Act No. 210, Pub. Acts 1939).

Appeal from Washtenaw; Sample (George W.), J. Submitted July 28, 1942.    (Calendar No. 41,939.) Decided September 8, 1942.

Petition by Julius J. Wagner and others for a writ of mandamus to compel Harvey C. Holmes, Ypsilanti City Clerk, and others to determine that an amendment for fire and police department pension and retirement funds carried.  Writ denied.  Plaintiffs appeal.  Reversed.

*J. Don Lawrence,* for plaintiffs.

*John P. Kirk (Jacob F. Fahrner,* of counsel), for defendants.

BUTZEL, J.   On July 1, 1940, plaintiffs, residents of the city of Ypsilanti, Michigan, and employees of its fire department, filed an initiatory petition asking that the common council submit to the electors by appropriate resolution the proposition that the city come under the provisions of Act No. 345, Pub. Acts 1937 (as amended by Act No. 210, Pub. Acts 1939 [Comp. Laws Supp. 1940, § 2746–21 *et seq.,* Stat. Ann. 1941 Cum. Supp. § 5.3375 (1) *et seq.*]). This act, as stated in its title, provides for the establishment, maintenance and administration of a system of pensions and retirements for members of the police and fire departments in cities, et cetera; for appropriations and deductions from salaries, and the mechanism for carrying out the purposes of the act.   Section 11 of the act provides that any city, village or municipality having a paid or part-paid fire or police department, may come under the provisions of the act by submitting the adoption of the act to the electors "in the manner provided by law for amending charters."

On August 19, 1940, the common council voted to submit the propositions but in the resolution provided that it required a majority of three-fifths of the electors for adoption. Because of uncertainty whether the general electors or only property owners could vote, a separate count was kept. A majority vote both of the property owners and of all the electors was cast for adoption of the act. It did not receive a three-fifths vote of approval. In view of our decision that it only required a majority vote, we need not discuss whether only property owners were qualified to vote. We also hold that the requirement by the council that a three-fifths majority would be necessary would be mere surplusage, if the statute only required a majority vote.

The law for amending charters is contained in sections 21–25 of the home-rule cities incorporation act, Act No. 279, Pub. Acts 1909, as amended (1 Comp. Laws 1929, §§ 2258–2260 [Comp. Laws Supp. 1940, §§ 2257, 2261, Stat. Ann. §§ 5.2101–5.2103, Stat. Ann. 1941 Cum. Supp. §§ 5.2100, 5.2104]). Sections 21, 23 and 24 provide:

"Sec. 21. Any * * * city charter * * * may from time to time be amended in the manner following: An amendment may be proposed * * * by an initiatory petition as herein provided, * * * then the same shall be submitted to the electors of such city as herein provided at the next regular spring or fall election held in such city * * * which shall occur not less than 90 days following the filing of such petitions. The form in which any proposed amendment to a city charter shall be submitted on the ballot, unless provided for in the initiatory petition, shall be determined by resolution by the legislative body." (Comp. Laws Supp. 1940, § 2257, Stat. Ann. 1941 Cum. Supp. § 5.2100).

"SEC. 23. Every city charter and amendment thereto, * * * before submission to the electors, shall be published as the (charter) commission or legislative body respectively may prescribe. There may be submitted with any charter or an amendment to a charter independent sections of propositions, and such of them as receive a three-fifth's vote of the electors voting thereon shall become a part of such charter, or shall prevail as such amendments." 1 Comp. Laws 1929, § 2259 (Stat. Ann. § 5.2102).

"SEC. 24. If the charter, or any amendment thereto, * * * be approved, then two printed copies thereof, with the vote * * * duly certified by the city clerk shall, within 30 days after the vote is taken, be filed with the secretary of State, and a like number with the county clerk of the county in which such city is located and shall thereupon become law." 1 Comp. Laws 1929, § 2260 (Stat. Ann. § 5.2103).

The common council voted that as less than three-fifths of the voters had approved the proposition, it was lost. Thereupon plaintiffs, claiming that it had been duly adopted by the majority vote, brought mandamus proceedings in the Washtenaw county circuit court to compel defendants to comply with its provisions. The main question presented is whether the circuit judge erred in denying plaintiffs relief. He held that a three-fifths approval and not merely a majority of the votes was necessary. He further held that, because there was no provision, of the charter of Ypsilanti touching upon the questions of pension and retirement for fire and police department personnel, there was nothing therein to amend; that, therefore, the proposed act was an independent section or proposition, rather than a charter amendment, as those terms are used in Act No. 279, § 23, Pub. Acts 1909, as amended

(1 Comp. Laws 1929, § 2259 [Stat. Ann. § 5.2102]), which requires such "independent sections of propositions" to receive a three-fifths' vote in order to prevail. The judge concedes that section 23 as it stands does not apply to a proposal such as the adoption by a city of the act in question, because such an act is proposed independently of any charter or charter amendment, and section 23 refers only to "independent sections of propositions" that are "submitted *with* any charter or an amendment to a charter;" but he relies on section 11 of the act proposed to authorize the separate submission of that act. He thus conceives section 11 of the act proposed as making an exception in favor of that act from the rule of conjunctive submission laid down in section 23 of the home-rule cities incorporation act. But he is unwilling to interpret section 11 of the later act as cutting down the three-fifths' majority required by section 23 of the older act.

We might be disposed to adhere to this view if section 11 went no further than the authorization of the submission, independently of any charter or charter amendment, of the act in question. But it does go further, and prescribes the very *manner* of adoption, as that "provided by law for amending charters." Charter amendments require only a simple majority for adoption. If Act No. 345, *supra,* is to be adopted in the same manner as a charter amendment, then it needs no more than a simple majority for passage.

While there is no express provision of the home-rule cities incorporation act, Act No. 279, Pub. Acts 1909, as amended (1 Comp. Laws 1929, §§ 2228–2274 [Stat. Ann. §§ 5.2071–5.2118]), to the effect that only a simple majority of the electors voting on an ordinary charter amendment is requisite, sections 5(e) and 25 contain strong implications that such is the case:

"Sec. 5. No city shall have power;  *  *  *
"(e) To adopt a charter or any amendment thereto, unless approved by a *majority* of the electors voting thereon." 1 Comp. Laws 1929, § 2241, as last amended by Act No. 239, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 2241, Stat. Ann. 1940 Cum. Supp. § 5.2084).

"Sec. 25.  *  *  *  No proposal submitted to the electors by the initiative and receiving an affirmative *majority* of the votes cast thereon shall be held unconstitutional, invalid or void on account of the insufficiency of the petition by which submission of the same was procured." 1 Comp. Laws 1929, § 2261, as last amended by Act No. 279, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 2261, Stat. Ann. 1941 Cum. Supp. § 5.2104). (Italics ours.)

And, in *Maher* v. *City of Jackson,* 191 Mich. 266, 276, we held:

"If at any time any portion of this charter proves unsatisfactory to a *majority* of the electors, it is readily within their power to amend it in a manner pointed out in the act (home-rule cities incorporation)." (Italics added.)

See, also, Opinions of the Attorney General 1926–1928, pp. 439–444. Indeed, it is practically conceded by defendants that if the proposed act be an ordinary "charter amendment" and not "independent sections of propositions," within the meaning of those terms as used in section 23 of the home-rule cities incorporation act (1 Comp. Laws 1929, § 2259 [Stat. Ann. § 5.2102]), then only a simple majority of the electors voting on it sufficed to cause its adoption.

The circuit judge further held that, since the initiatory petition did not provide the form in which the proposed act was to be submitted on the ballot,

it became the duty of the common council to prescribe such form in its resolution, under Act No. 279, § 21, Pub. Acts 1909, as amended (Comp. Laws Supp. 1940, § 2257, Stat. Ann. 1941 Cum. Supp. § 5.2100), but that the August 19, 1940, resolution failed to do this because, in composing such form, the common council wrote: "Shall an act of the legislature of the State of Michigan for the year 1937, as amended by the legislature of the State of Michigan in 1939, entitled: (title)  *  *  *  Yes ( ). No ( )." — inadvertently failing to complete the question by inserting the words, "be adopted by the city of Ypsilanti?" after the title of the act, so that the form of ballot prescribed by the council's resolution does not state a question, or call for the adoption or rejection of anything. The lack in language, while careless, constitutes at most a curable error, which, we feel, was cured by the inclusion of the pretermitted words in the published notice of election and the ballots as printed. Even in the resolution itself, the paragraph immediately following the imperfect ballot-form shows that the council had adoption or rejection by the electorate of the proposal in mind, for it reads:

"And be it further resolved, that all electors voting yes, their ballots shall be voted in favor of the adoption of said act, as amended, and all those voting no shall be against the adoption of said act."

The circuit judge also expressed the opinion that the initiatory petition was not adequate or sufficient. This he did in face of the perfectly valid curative provision in Act No. 279, § 25, Pub. Acts 1909, as last amended by Act No. 279, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 2261, Stat. Ann. 1941 Cum. Supp. § 5.2104), which reads:

"No proposal submitted to the electors by the initiative and receiving an affirmative majority of the votes cast thereon shall be held unconstitutional, invalid, or void on account of the insufficiency of the petition by which the submission of the same was procured."

In the light of our disposition of the questions already discussed, none of the other questions raised by counsel need be passed upon. For the errors enumerated, the order denying the petition for mandamus is reversed.

Let the writ issue. As the question is a public one, no costs allowed.

CHANDLER, C. J., and BOYLES, NORTH, STARR, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.